```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-2927 (JBS/KMW) |
| v. |  |
| JUST CHIESA, et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Steven P. Fleming,
16 East Main Street
Lansdale, PA 19446
    Plaintiff Pro Se

**SIMANDLE**, District Judge:

## I.  INTRODUCTION

Plaintiff Steven P. Fleming, representing himself, has filed a complaint demanding a jury trial to obtain relief from Defendants Just Chiesa[1], Attorney General; Bill Davis, Division of Criminal Justice; and Bonnie Frasier, Division of Youth and Family Services.  The Complaint involves the Plaintiff's daughter's alleged kidnapping, which government officials allegedly supported.

The Court has reviewed Plaintiff's Application to Proceed

---

[1]The Complaint spells "Ahiesa" on the first page and "Chiesa" on the second page.  The Clerk of Court filed this case under the last name "Chiesa," which is the New Jersey Attorney General's correct last name.  The Plaintiff has also misspelled Defendant Chiesa's first name, writing "Just" instead of "Jeffrey."

Without Prepayment of Fees and Affidavit (Docket Item 1), which was received on May 14, 2012. Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915(a).

Section 1915 requires the Court to preliminarily review each complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). But, under section 1915, "[a] complaint must indicate facts in support of its conclusions" or it may be dismissed as frivolous. Crisafi v. Holland, 655 F. 2d 1305, 1307 (D.C. Cir. 1981)(interpreting § 1915(e)(2)'s predecessor, the former § 1915(d)).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting § 1915(e)(2)'s predecessor, the former § 1915(d)). The standard for evaluating whether a complaint is

"frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

"A separate standard for maliciousness is not as well established." Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995), aff'd, 111 F. 3d 125 (3d Cir. 1997), cert denied, 522 U.S. 852 (1997).  But courts have identified examples of complaints that are malicious:  Complaints that "attempt to vex, injure, or harass the defendant," Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995); "repetitive claims and/or claims arising out of a common nucleus operative facts," El:Bey v. September Liab. Co., 2012 U.S. Dist. LEXIS 64957, *15 (D. Del. 2012); "complaint[s] that [are] plainly abusive of the judicial process," Abraham v. Danberg, 699 F. Supp. 2d 686, 688 (D. Del. 2010); and "complaint[s] that threaten[] violence or that contain[] disrespectful references to the court," Crisafi at 1309, are all malicious.

With these principles in mind, the Court turns to its analysis under 28 U.S.C. § 1915(e)(2).

## II.  FACTUAL AND LEGAL ALLEGATIONS

The Plaintiff's two-page Complaint is confusing, lacking causes of action, factual support and, in many instances, complete sentences. The Complaint references the kidnapping of the Plaintiff's daughter and alleges that corrupt judicial

3

officials abetted the kidnapping.

The Plaintiff demands a jury trial, claiming that "[t]he evidence of this kidnapping, can be introduce [sic] to a Jury, a Jury only." (Compl. ¶ F.) He demands a jury trial because "[a]ny impartial Judge has been well violated" (Compl. ¶ B) and "dirty Judges [are] covering the asses of their fellow Officers of the Court [and] getting into the kidnapping business" (Compl. ¶ F). The kidnapping was "under the table at Cape May Courthouse." (Compl. ¶ D.)

It appears that the Plaintiff sought relief from the Defendants, but they "ignored all letters" and "refused to address any of the allegations to this kidnapping." (Compl. ¶ C.)

The Complaint also references "money laundering," "trafficking," and a visit to Southern New Jersey to pilot for a commuter airline "[w]here I would not pilot your drugs." (Compl. ¶ E.) The Plaintiff's problems began when his wife ran off "with one of your power lawyers, much-much-much older. . . ." (Compl. ¶ E.)

The Complaint does not specify the relief sought, although the Plaintiff notes that "I am not looking to take money from your law enforcement & fire fighters. In Discovery." (Compl. ¶ F.)

The Complaint lacks specific factual allegations. In

addition, it does not present any claims for relief.  Even if the Court could infer Plaintiff's claims, the Complaint does not mention the Defendants, much less explain any connection between the Defendants and the kidnapping-and-corruption allegations.

### III.  The Plaintiff's Previous Lawsuits

The Plaintiff "has been an active litigant in the United States District Courts for the Eastern and Middle Districts of Pennsylvania," Fleming v. Blewitt, 403 F. App'x 645, 645 (3d Cir. 2010), as well as the District of New Jersey and the District of Maryland.

His lawsuits have covered: the loss of his pilot license, E.g., Fleming v. U.S. Dep't Transp., 348 F. App'x 736 (3d Cir. 2009); his refusal to pilot drugs, E.g., Fleming v. Scranton, 461 F. App'x 170 (3d Cir. 2012); a forced resignation for racial reasons from his clerk job at College Park Airport, Fleming v. Maryland-National Capital Park & Planning Comm'n, 2012 U.S. Dist. LEXIS 31006 (D. Md. Mar. 8, 2012); a misdiagnosis of paranoid schizophrenia, Fleming v. U.S. Veteran's Admin. Med. Ctrs., 348 F. App'x 737, 738 (3d Cir. 2009); medical malpractice and civil rights claims relating to medications administered while he was committed at Ancora Psychiatric Hospital, Fleming v. Ancora Hospital, No. 98 Civ. 4767 (D.N.J. July 20, 1999); wrongful incarceration, Fleming v. Scranton, 461 F. App'x 170 (3d Cir.

5

2012); incarceration on charges of Retaliation for Past Official Action and Contempt of Domestic Violence Restraining Order, <u>Fleming v. Ancora Hospital</u>, No. 98 Civ. 4767 (D.N.J. July 20, 1999); losing custody of his daughter "under the table at Cape May Court House," <u>E.g.</u>, <u>Fleming v. Cape May County</u>, 2011 WL 6779996, *2 (D.N.J. Dec. 23, 2011); the American Civil Liberties Union's refusal to represent him in the child custody dispute, <u>Fleming v. Am. Civil Liberties Union</u>, No. 10 Civ. 5741 (D.N.J. Oct. 17, 2011); and his wife leaving him for a New Jersey attorney whom the District Ethics Committee refused to investigate, <u>E.g.</u>, <u>Fleming v. State of New Jersey & District I Ethics Committee</u>, No. 11 Civ. 6917 (D.N.J. Jan. 18, 2012).

Many of the lawsuits accuse government and judicial officials of being "dirty," <u>E.g.</u>, <u>Fleming v. Lackawanna County</u>, 2010 U.S. Dist. LEXIS 112183, *1 (M.D. Pa. Oct. 1, 2010) and having "conflicts of interest," <u>E.g.</u> <u>Fleming v. Scranton</u>, 2011 U.S. Dist. LEXIS 76100, *2 (M.D. Pa. June 22, 2011).

The Plaintiff has two more lawsuits pending before this court:  Fleming v. Advisory Comm. on Judicial Conduct, No. 12 Civ. 1758 (D.N.J. filed Mar. 21, 2012) and Fleming v. Ancora Psychiatric Hosp., No. 11 Civ. 7443 (D.N.J. filed Dec. 22, 2011). Both of these cases involve the kidnapping of the Plaintiff's daughter, the Plaintiff's medical treatment at Ancora hospital, and judicial misconduct.

Plaintiff has never been granted relief nor have any of his cases warranted a trial.

### III. The Plaintiff's Complaint Is Frivolous and Malicious

The Complaint is frivolous. It does not "indicate facts in support of its conclusions." See Crisafi v. Holland, 655 F. 2d 1305, 1307 (D.C. Cir. 1981). And it lacks an arguable basis in both law and fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court could not discern facts supporting legal claims related to the Defendants or to the kidnapping-and-corruption allegations.

The Complaint is also malicious because it is repetitive, abusive, and disrespectful. It repeats prior claims relating to the kidnapping of the Plaintiff's daughter, the Plaintiff's refusal to traffic drugs, and government corruption. See El:Bey v. September Liab. Co., 2012 U.S. Dist. LEXIS 64957, *15 (D. Del. 2012). The volume of Plaintiff's meritless litigation abuses the judicial process. See Abraham v. Danberg, 699 F. Supp. 2d 686, 688 (D. Del. 2010). And the allegations of judicial corruption, absent substantiation, are "disrespectful references to the court." Crisafi at 1309.

Because the Complaint is frivolous and malicious, the Court will dismiss it pursuant to 28 U.S.C. § 1915 (e)(2)(B).

In addition to dismissing a particular complaint, a Federal

7

District Court can prohibit a plaintiff from filing complaints raising claims that are "identical or similar to those that have already been adjudicated." In Re Oliver, 682 F. 2d 443, 445 (3d Cir. 1982). In addition, "[i]n appropriate circumstances, courts have . . . enjoined persons from filing any further claims of any sort without permission of the court." Id. Such an order is "an extreme remedy and should be used only in exigent circumstances." Id. It requires prior notice and "some occasion to respond." Gagliardi v. McWilliams, 824 F. 2d 81, 84 (3d Cir. 1987). The Court declines to impose such an extreme sanction at this time, but it notes that "a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." Gagliardi at 83, quoting In Re Oliver at 446.

**IV. CONCLUSION**

For the reasons discussed above, the Plaintiff's Complaint is frivolous and malicious and will be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2).

The accompanying Order will be entered.

| | |
|---|---|
| **June 28, 2012** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |