IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN P. FLEMING,<br><br>        Plaintiff,<br><br>  v.<br><br>JUST CHIESA, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 12-2927 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

APPEARANCES:

Steven P. Fleming,
16 East Main Street
Landsdale, PA 19446
    Plaintiff Pro Se

**SIMANDLE**, District Judge:

I.    **INTRODUCTION**

    This matter comes before the Court on pro se plaintiff Steven P. Fleming's "Motion for Reconsideration, Jury." [Docket Item 7.] This Motion responds to the Court's sua sponte dismissal, pursuant to 28 U.S.C. § 1915(e)(2), of Plaintiff's claims against Just Chiesa[1], Attorney General; Bill Davis, Division of Criminal Justice; and Bonnie Frasier, Division of Youth and Family Services. [Docket Item 2.] The Court finds as follows:

1.    The facts of this case are set forth in this Court's June 29,

---

[1] As the Court has previously noted in its June 29, 2012 decision, Plaintiff has misspelled Defendant Chiesa's first name, writing "Just" instead of "Jeffrey". Fleming v. Chiesa, Civ. No. 12-2927, 2012 WL 2523076, at *1 n.1 (D.N.J. Jun. 29, 2012).

2012 Opinion. [Docket Item 4]; <u>Fleming v. Chiesa</u>, Civ. No. 12-2927, 2012 WL 2523076 (D.N.J. Jun. 29, 2012). Plaintiff complains of his "daughter's alleged kidnapping, which government officials allegedly supported." <u>Id.</u> at *1. In its June 29, 2012 Opinion and Order (the "June Opinion"), the Court dismissed Plaintiff's Complaint <u>sua sponte</u>, pursuant to 28 U.S.C. § 1915(e)(2), as being both frivolous and malicious.

2. In a letter dated July 3, 2012, Plaintiff wrote to the Court to express his dissatisfaction with the June Opinion. [Docket Item 4.] The Court subsequently responded to Plaintiff in a letter dated July 23, 2012, informing him that the Court can only consider arguments regarding its judgment when there is a formal motion for reconsideration in accordance with Fed. R. Civ. P. 59(e). [Docket Item 5.] On July 24, 2012 Plaintiff again wrote the Court to express his dissatisfaction with the June Opinion [Docket Item 6] and subsequently filed the present motion on July 31, 2012. [Docket Item 7.]

3. To the extent Plaintiff seeks reconsideration of the Court's dismissal, Fed. R. Civ. P. 59(e) and Local Civil Rule 7.1(i) govern. Rule 59(e) permits parties to seek alteration or amendment of a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and is used to allege legal error. <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir.

2

2003)(citations omitted).

4. Local Civil Rule 7.1(i) requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F.Supp. 92, 93 (D.N.J. 1993).

5. To prevail on a motion for reconsideration, the movant must show:

> an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To prevail under the third prong, the moving party must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001). Because reconsideration of a decision after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "very sparingly." Ivan v. County of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2009). Plaintiff has not argued that

the there was an intervening change in the controlling law or that there is new evidence available. Therefore, the Court will consider whether Plaintiff has demonstrated the need to correct a clear oversight of law or fact to prevent manifest injustice.

6.  As a preliminary matter, the Court notes that Plaintiff again renews his demand for access to a jury by entitling this motion "MOTION FOR RECONSIDERATION, JURY."[2] Pl.'s Mot. for Recons. In light of Plaintiff's concerns about judicial fairness, the Court interprets this request to convey Plaintiff's wish that a jury decide his motion for reconsideration. However, the decision to grant a motion for reconsideration is not an issue for a jury; it is properly left to the Court's discretion since it requires the Court to reexamine its deliberations to determine whether it overlooked any factual matters or legal authority. As such, the Court will proceed with its consideration of Plaintiff's arguments for reconsideration.

7.  Plaintiff's motion does not allege any changes of law or the discovery of new evidence in this matter. As such, the Court will look solely at whether there is a need to correct a clear error of law of fact to prevent manifest injustice.

8.  Plaintiff makes two distinct arguments for reconsideration in his motion. Plaintiff first argues, "there is [sic] at least 9

---

[2] Plaintiff's demand for a jury trial and distrust of the judicial process is well documented in the Court's June Opinion. See Fleming, 2012 WL 2523076, at *4.

4

allegations of violations of law (already submitted) pertaining to how my daughter was Felony kidnapped under the table at Cape May Courthouse, leaving no paper trail." Id.

9. The Court finds, however, that it did not overlook these arguments. The Court in its June Opinion considered plaintiff's claims about his daughter's alleged kidnapping. Specifically, the Court found that it "could not discern facts supporting legal claims related to the Defendants or to the kidnapping . . ." and that the Complaint "repeats prior claims relating to the kidnapping of the Plaintiff's daughter." Fleming, 2012 WL 2523076, at *7. The Court, cognizant of Plaintiff's claims surrounding his daughter's kidnapping, found them to be malicious and frivolous. Id. They were not overlooked.

10. Plaintiff also argues that "With the Attorney General's Officers part with Obstruction of Justice, accessory to this kidnapping, and with the torment and frustration this Offices had inflected. This Plaintiff requires, now $ 350,000.oo. [sic]" Pl.'s Mot. for Recons. This Court's June Opinion specifically addresses Plaintiff's allegations "that corrupt judicial officials abetted the kidnapping." Fleming, 2012 WL 2523076, at *7. The Court found that it "could not discern facts supporting claims related to the . . . kidnapping-and-corruption allegations." Id. The Court further found that Plaintiff's Complaint repeats prior claims related to

5

"government corruption." Id.

11. The Court's prior opinion, however, did not address Plaintiff's demand for "$350,000.oo" because that demand appears in Plaintiff's motion for reconsideration for the first time. In fact, the Court specifically noted that Plaintiff's complaint "does not specify the relief sought." Id. at *4. The purpose of a motion for reconsideration is to allow the Court to correct manifest errors of law or fact, not to allow Plaintiff to add further specificity to his demands.

12. The Court is appreciative of Plaintiff's compliance with Local Civil Rule 7.1(i)'s mandate for "a brief setting forth concisely the matter . . . which the party believes the Judge . . . has overlooked." The brevity and focus of Plaintiff's motion makes it far more comprehensible than some of Plaintiff's prior submissions to the Court. However, Plaintiff has failed to present to the Court any factual matters or controlling decisions within Plaintiff's Complaint that the Court overlooked in its June Opinion. Rather, Plaintiff continues to argue that a jury must address the merits of this case. The Court is sympathetic to Plaintiff's desire to have his case heard, as it is for all litigants, but nonetheless it cannot reconsider its prior finding that Plaintiff's Complaint was frivolous and malicious. The Complaint was frivolous because it "d[id] not indicate facts in support of its conclusions" and "lack[ed] an arguable basis in both

law and fact. <u>Id.</u> at *7. Plaintiff's Complaint was malicious because it was "repetitive, abusive, and disrespectful." <u>Id.</u>

13.  Plaintiff makes no argument that the Court overlooked a matter of fact or precedent in reaching these conclusions.  Plaintiff does not point to any factual support the Court overlooked, nor does he try to demonstrate that he was not abusive and disrespectful to the judicial process and the Court.  Rather, Plaintiff reiterates conclusory arguments previously raised in his Complaint without presenting reasons for the Court to reconsider the decision it has already made based on those arguments.  Therefore, Plaintiff's motion must be denied.  The accompanying order shall be entered.


**August 22, 2012**             **s/ Jerome B. Simandle**

Date                                                 JEROME B. SIMANDLE  
                                                               Chief U.S. District Judge